IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

Case No.:_____-Civ-_____

YVONNE HARRELL, individually,
and RANDALL HARRELL, her husband,

      Plaintiffs,

v.                          *JURY TRIAL DEMANDED*

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES,
a corporation for profit;

      Defendant.
_____/

**COMPLAINT FOR DAMAGES**

      Plaintiffs YVONNE HARRELL and RANDALL HARRELL hereby sue Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES (hereinafter referred to as "CARNIVAL"), for damages and alleges:

      1.      This is an action for personal injuries under general maritime law seeking damages in excess of $75,000.00 (Seventy-Five Thousand Dollars), exclusive of costs, attorneys' fees and interest and is otherwise within the jurisdiction of this Court.

**THE PARTIES**

      2.      At all times material, Plaintiff YVONNE HARRELL was and is a resident of Jacksonville, Florida, over the age of eighteen (18) years and is otherwise *sui juris*.

*Harrell v. Carnival Corporation*
*Complaint*

3. At all times material, Plaintiff RANDALL HARRELL was and is a resident of Jacksonville, Florida, the husband of YVONNE HARRELL and living in the normal marital relationship.

4. At all times material, Defendant CARNIVAL was and is a for profit corporation with its worldwide headquarters, principle address and principle place of business at 3655 NW 87th Avenue, Miami, FL 33178-2428.

5. At all times material, Defendant CARNIVAL is a common carrier engaged in the business of marketing, selling and operating a cruise line out of various ports within the continental United States, including Miami, Florida. Defendant CARNIVAL derives substantial revenues from cruises originating and terminating in various ports in the State of Florida, including Miami-Dade, County, Florida.

6. At all times material, CARNIVAL owned, managed, operated, maintained, supervised and/or controlled, or was the owner pro hac vice and/or charterer of the ocean-going passenger vessel known as the *Carnival Paradise*.

**JURISDICTION AND VENUE**

7. Venue is proper in this District pursuant to 28 U.S.C. 1391(b) because the Defendant CARNIVAL is a foreign corporation with its principal place of business in Miami-Dade County, Florida.

8. This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Savings to Suitors Clause under 28 U.S.C. §1333, as Defendant CARNIVAL unilaterally inserts a forum selection clause into its cruise tickets that requires that all cruise-related

*Harrell v. Carnival Corporation*
*Complaint*

suits by its passengers, "shall be litigated, if at all, before the United States District Court for the Southern District of Florida in Miami . . . to the exclusion of the Courts of any other county, state or country."

9. There is no time bar to this action as Plaintiffs have timely filed this matter as the parties have a written agreement extending the running of the contractual statute of limitations through October 13, 2014.

10. The Plaintiffs YVONNE HARRELL and RANDALL HARRELL have complied with all conditions precedent to the filing of this lawsuit.

## GENERAL ALLEGATIONS

11. CARNIVAL invited the general public, including the Plaintiffs YVONNE HARRELL and RANDALL HARRELL, to become passengers of the vessel *Carnival Paradise* in exchange for a monetary charge.

12. On or about August 30, 2013, Plaintiffs YVONNE HARRELL and RANDALL HARRELL were fare-paying passengers aboard the *Carnival Paradise.*

13. On the evening of August 30, 2013, shortly before midnight, Plaintiff YVONNE HARRELL was walking in a normal and proper manner on the Lido Deck of the *Carnival Paradise,* when she slipped and fell on a wet deck.

14. The wet nature of the deck was not open and obvious. There were no warning signs present to alert them to the fact the deck was wet nor was there sufficient lighting. Only after her

accident did the Plaintiffs YVONNE HARRELL and RANDALL HARRELL realize the deck was wet.

15. Unable to get up YVONNE HARRELL was forced to wait for medical help to arrive. While waiting, the Plaintiffs YVONNE HARRELL and RANDALL HARRELL observed a crewmember walk over and place a warning sign in the area of her accident.

16. As a result of the negligence of the Defendant CARNIVAL, its vessel and/or crew, Plaintiff YVONNE HARRELL suffered a fracture of her patella and tears to both the medial and lateral retinacula in her knee requiring extensive treatment, including surgery.

## **NEGLIGENCE**

17. Plaintiffs reallege, adopt, and incorporates by reference the allegations in paragraphs 1 through 16 as though originally stated herein.

18. At all times material, CARNIVAL through its employees, servants, agents, and/or representatives acting within the course and scope of their employment, owed a duty to exercise reasonable care under the circumstances to its passengers, including the Plaintiff YVONNE HARRELL.

19. The Defendant's duty encompassed and included the duty to maintain and operate the *Carnival Paradise* in a reasonable and safe manner, and to keep the floor surfaces free from and warn of wet, slippery, hazardous and dangerous conditions which could cause injury to its passengers.

*Harrell v. Carnival Corporation*
*Complaint*

20.     On August 30, 2013, CARNIVAL, through its employees, servants, agents, and/or representatives, acting within the course and scope of their employment, breached its duty to exercise reasonable care under the circumstances owed to the Plaintiff YVONNE HARRELL and was negligent and careless by committing the following acts and/or omissions including but not limited to:

   a.  failing to properly maintain and keep the floors on the ship in a reasonably safe condition for its passengers;

   b.  failing to properly inspect and monitor the floors for wet, slippery, greasy or other hazardous substances;

   c.  failing to properly and timely clean up, mop, or otherwise eliminate wet, slippery, greasy or other hazardous substances on the ship's floor;

   d.  creating a dangerous condition on the ship's floor;

   e.  failing to take reasonable care to keep the ship's floors from becoming slippery and hazardous to passengers;

   f.  failing to warn the Plaintiff and other passengers of the wet, slippery, greasy and hazardous condition of the floor when they knew or should have known of the existing hazard;

   g.  failing to have sufficient lighting;

   h.  failing to discover in a timely manner the wet, slippery, greasy and hazardous substance on the ship's floor;

   I.  failing to utilize reasonable and proper safety policies, procedures, protocols and practices to detect dangerous conditions on the ship's floors;

   j.  failing to properly train and instruct it employees/crewmembers to detect, report and remedy wet, slippery, greasy and other hazardous substances on the ship's floors;

   k.  failing to otherwise provide the Plaintiff and other passengers with a safe place to walk;

*Harrell v. Carnival Corporation*
*Complaint*

    l.      other acts or omissions constituting a breach of the duty to use reasonable care under the circumstances which are revealed through discovery.

21.      The Defendant CARNIVAL created and/or should have known of the above-described conditions through the exercise of reasonable care.

22.      As a direct and proximate result of the aforementioned carelessness and negligence of the Defendant, YVONNE HARRELL sustained serious and permanent injuries to her body and extremities, pain and suffering, disability, disfigurement, mental anguish, aggravation of preexisting conditions, inconvenience, scarring, the loss of the capacity for the enjoyment of life, and has incurred medical expenses in the past and will incur medical expenses in the future. All of said damages are permanent and continuing in nature.

## **COUNT II - CLAIM OF RANDALL HARRELL**

23.      The Plaintiff, RANDALL HARRELL, repeats and adopts paragraphs 1 through 22 as though originally stated herein and further avers:

24.      That as a direct and proximate result of the negligence of the Defendant CARNIVAL and the resulting injuries sustained by his wife, YVONNE HARRELL, the Plaintiff RANDALL HARRELL has sustained a loss of his wife's services, comfort, consortium, society and attentions in the past and in the future.

WHEREFORE, Plaintiffs YVONNE HARRELL and RANDALL HARRELL demand judgment against CARNIVAL for damages in excess of the minimal jurisdictional limits of this Court, as well as post-judgment interest to the extent allowed by law, attorneys' fees and costs to the extent allowed by law, and demands trial by jury of all issues so triable as of right.

*Harrell v. Carnival Corporation*
*Complaint*

Dated this **19th** day of **September, 2014.**

Respectfully submitted,

/s/ Carol L. Finklehoffe
**CAROL L. FINKLEHOFFE**
Florida Bar: 0015903
Email: Finklehoffe@leesfield.com
**LEESFIELD & PARTNERS, P.A.**
2350 South Dixie Highway
Miami, Florida 33133
Telephone:    (305) 854-4900
Facsimile:    (305) 854-8266
*Attorneys for Plaintiff Edward J. Kudrick*

-7-